*United States v. Reid*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-three.

PRESENT:

>        REENA RAGGI,
>        RICHARD J. SULLIVAN,
>        EUNICE C. LEE,
>                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>        v.                                                          No. 22-1279

JAMARRI REID,

>        *Defendant-Appellant*.

_____

For Defendant-Appellant:       MEGAN W. BENETT, New York, NY.

For Appellee:       CHRISTOPHER J. CLORE (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 1, 2022 judgment of the district court is **AFFIRMED**.

Jamarri Reid appeals from a judgment of conviction following his guilty plea to unlawfully possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Reid principally to a term of ninety-two months' imprisonment to be followed by three years' supervised release. Reid's sole argument on appeal is that his sentence was procedurally unreasonable because the district court improperly applied an enhancement under the Sentencing Guidelines based on its finding that Reid had a specific intent to kill while in illegal possession of ammunition. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In reviewing "a district court's application of the Guidelines to the specific facts of a case," this Court follows an "either/or approach, adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a clear[-]error approach when the determination was primarily factual." *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006) (internal quotation marks omitted).[1] The government bears the burden of proving, by a preponderance of the evidence, all facts relevant to the Guidelines calculation used at sentencing. *See United States v. Concepcion*, 983 F.2d 369, 388 (2d Cir. 1992).

It is undisputed that Reid was a convicted felon who, by discharging a loaded firearm, unlawfully possessed ammunition in violation of section 922(g). For purposes of calculating his sentencing range, the district court properly turned to section 2K2.1 of the Guidelines – the provision that ordinarily covers violations of section 922(g). But section 2K2.1 contains a cross-reference that increases the applicable base offense level where a defendant used or possessed ammunition

---

[1] Reid argues that we should review *de novo* the district court's application of U.S.S.G. § 2K2.1, which provided that the court should determine Reid's base offense level using U.S.S.G. § 2A2.1(a)(2). We need not decide whether *de novo* or clear-error review applies, however, because even under *de novo* review, the result would be the same. *See United States v. Rodriguez*, 738 F. App'x 729, 730 (2d Cir. 2018) (adopting same approach).

"in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c)(1)(A). In those situations, courts are directed to apply section 2X1.1 "in respect to that other offense, if the resulting offense level is greater than that determined" under section 2K2.1. *Id.* § 2K2.1(c)(1)(A). In turn, section 2X1.1 provides that, "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section," courts must "apply that guideline section." *Id.* § 2X1.1(c)(1).

Reid does not challenge the relevance of these Guidelines provisions or their application to his case. He simply argues that the district court erred by applying the Guideline section for attempted murder, *see id.* § 2A2.1(a)(2), rather than the section for aggravated assault, *see id.* § 2A2.2, since there was insufficient evidence that Reid acted with a specific intent to kill the victim. We disagree.

Murder is defined as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a); *see also* U.S.S.G. § 2A2.1, cmt. n.1. First-degree murder is murder that is premeditated, or committed by certain means or during the course of particular felonies, whereas "[a]ny other murder is murder in the second degree." 18 U.S.C. § 1111(a). Attempted murder "requires a specific intent to kill," *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991) (internal quotation

4

marks omitted), and "conduct amounting to a 'substantial step' towards the commission of the crime," *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985). "[C]riminal intent may be proven by circumstantial evidence." *United States v. Nelson*, 277 F.3d 164, 197 (2d Cir. 2002).

Here, undisputed evidence adequately supported the district court's finding that Reid fired his gun at the victim with a specific intent to kill, as required under section 2A2.1(a)(2) and our precedents. Specifically, the district court found at sentencing that Reid and the victim "had an argument . . . shortly before the shooting"; that Reid approached the victim about six minutes after the argument with "a gun in his possession"; that, after walking "a few steps" with the victim, Reid "took out that gun and fired in very close range to his victim"; and that, after firing his gun, Reid "chas[ed] his target as the target fled[,] with the gun still pointed at the target." App'x at 147–49. Upon review of the record, we conclude that the district court did not err in making these findings, because each of these facts was presented in the presentence investigation report and the shooting was captured by surveillance video. Moreover, Reid does not dispute any of these facts on appeal.

5

Reid argues instead that he could not have had the specific intent to kill because "there was no proof of a motive for [Reid] to kill" and "only a single shot was discharged," which did not hit the victim. Reid Br. at 13. The argument fails because there *was* evidence of motive – specifically, the victim told police investigators that he had argued with Reid minutes before the shooting. But, regardless, motive is not an element of attempted murder, and the absence of motive evidence does not preclude a finding that a defendant had a specific intent to kill. *See United States v. Martinez*, 775 F.2d 31, 35–36 (2d Cir. 1985). Further, Reid has cited no legal authority for the proposition that only the firing of multiple shots at an intended victim permits an inference of specific intent to kill, and we are aware of none ourselves. *Cf. United States v. Grant*, 15 F.4th 452, 456, 458 (6th Cir. 2021) (affirming the application of section 2A2.1(a)(2) where the defendant fired one shot at the victim given the backdrop of the other evidence). Accordingly, we identify no error in the district court's finding that the facts in this case, viewed in totality, established by a preponderance of the evidence that Reid had a specific intent to kill the victim.

We have considered Reid's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court